| | |
|---|---|
| DENVER COUNTY DISTRICT COURT, STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br>303-606-2300 | DATE FILED<br>July 1, 2026 11:13 AM<br>FILING ID: DB7E4D78ECD6E<br>CASE NUMBER: 2026CV32397 |
| Plaintiff: KELLY SMITH<br><br>v.<br><br>Defendant: TARGET CORPORATION | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff<br><br>Steve Roberts, #41944<br>Law Office of Steve Roberts, LLC<br>100 Fillmore St., 5th Floor<br>Denver, CO 80206<br>Phone Number: (720) 515-7058<br>Fax Number: (303) 484-2022<br>E-Mail:<br>sroberts@coloradorobertslaw.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Kelly Smith, by and through her attorneys, The Law Office of Steve Roberts, LLC, for her Complaint against the Defendant, Target Corporation, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from serious injuries suffered by Plaintiff Kelly Smith (hereinafter "Plaintiff") in a slip and fall negligently caused by Defendant Target Corporation (hereinafter "Defendant")
2. Plaintiff is and was a resident of the state of Colorado, with her principal residence at 4968 Unita Street, Denver, CO 80238.
3. Defendant is a foreign corporation organized under the laws of Minnesota and principally located at 1000 Nicollet Mall, Minneapolis, MN 55403.
4. Defendant maintains a registered agent, CT Corporation System, for service of

process in the State of Colorado, registered at 7700 East Arapahoe Road, Suite 220, Centennial, CO 80112.

5. This Court has personal jurisdiction over this action pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c).

6. Pursuant to C.R.S.A. Const. Art. VI § 9, this Court has subject matter jurisdiction over this action because it involves a civil matter and District Courts are courts of general and original jurisdiction.

7. Venue is appropriate before this court pursuant to Rule 98(c) of the Colorado rules of Civil Procedure because the tortious acts alleged herein occurred in Denver County.

## II. GENERAL ALLEGATIONS

1. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

2. On August 27, 2024, at approximately 7:08 p.m., Plaintiff was lawfully present as a customer at the Target Store located at 7930 East Northfield Boulevard, Denver, CO 80238; 303-209-8720.

3. While walking through the sales floor area near Aisle A24, Plaintiff slipped on an open applesauce pouch that had been left on the sales floor in a customer walkway.

4. The open pouch and its contents created a hazardous and slippery condition that was not cleaned or removed prior to Plaintiff falling due to this substance.

5. There were no signs warning patrons and customers of the open applesauce pouch.

6. When Plaintiff stepped onto the applesauce pouch, she lost her footing and fell forcefully onto the floor.

7. The fall caused Plaintiff to sustain serious bodily injuries.

8. As a direct and proximate result of Defendant's violation of the Colorado Premises Liability Act, Plaintiff suffered physical injuries, pain and suffering, lost wages, past and future economic damages, loss of enjoyment of life, emotional distress, mental anguish, and past and future physical impairment and disfigurement.

## III. FIRST CLAIM FOR RELIEF - Premises Liability

**9.** Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

**10.** At all times relevant hereto, Defendant was a "landowner" of the Premises as defined by C.R.S. § 13-21-115.

**11.** At all times relevant hereto, Plaintiff was an "invitee" of Defendant as defined by C.R.S. § 13-21-115.

**12.** As a landowner, Defendant owed Plaintiff a legal duty to exercise reasonable care to protect against dangers about which Defendant actually knew or should have known if exercising reasonable care.

**13.** Defendant knew or should have known about the danger present due to the open applesauce pouch in the customer walkway.

**14.** Defendant negligently failed to exercise reasonable care in the maintenance of the Premises, including but not limited to failing to properly remove the open applesauce pouch in the customer walkway, failing to provide any warning of the open applesauce pouch in the customer walkway, and otherwise failing to prevent the dangerous condition.

**15.** Defendant negligently failed to warn invitees, including Plaintiff, of the slip hazard present on its floor.

**16.** Defendant had a non-delegable duty to maintain a safe property, clear from any and all dangerous conditions such as an open applesauce pouch on the floor.

17. As a direct and proximate result of Defendant's actions and inactions, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, lost wages, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

18. As a direct and proximate result of Defendant's action and inaction, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

## IV. SECOND CLAIM FOR RELIEF - Common Law Negligence

19. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

20. Defendant owed members of the public, and its patrons and customers, including but not limited to Plaintiff, a duty to exercise reasonable care and to provide a safe environment.

21. Defendant breached its duty of care by failing to exercise reasonable care to remove the open apple sauce pouch on the customer walkway. This failure led to the incident of August 27, 2024, wherein Plaintiff fell and was injured.

22. Defendant knew or should have known that an open applesauce pouch on the floor could go undetected by its patrons and customers and would pose an unreasonable risk

of danger to others, such as Plaintiff.

23. As a direct and proximate result of Defendant's actions or inactions, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, lost wages, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

24. As a direct and proximate result of Defendant's actions or inactions, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

## V. DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury for all claims set forth herein.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

July 1, 2026.

THE LAW OFFICE OF STEVE ROBERTS
By: */s/ Steve Roberts*
Steve Roberts, Esq.

ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
4968 Unita Street
Denver, CO 80238

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*